FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAY 0 4 2004

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THOMAS A. DIBARTOLO,<br><br>        Petitioner,<br><br>   v.<br><br>JOSEPH LEHMAN, CAROL PORTER,<br>and ASHBEL T. WALL, III,<br>        Respondents. | NO. CS-03-094-MWL<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION TO DENY WRIT OF HABEAS CORPUS** |

Magistrate Judge Leavitt filed a Report and Recommendation on March 4, 2004, recommending Petitioner's Petition for Writ of Habeas Corpus (Ct. Rec. 1) be denied. (Ct. Rec. 23.) On March 17, 2004, Petitioner filed an Objection to the U.S. Magistrates Judge's Report and Recommendation. (Ct. Rec. 24.)

    I. <u>Unexhausted Claims and Procedural Default</u>

Petitioner admits he failed to exhaust federal habeas claims one, three, four, five and six. Ct. Rec. 24, pp. 6, 8-9. He argues that if he failed to raise his habeas issues as specific constitutional violations in the Washington Supreme Court, that court should now permit him "to amend his motion." (Ct. Rec. 24, p. 4). As stated in the Report and Recommendation, procedural default bars Petitioner from seeking relief in the Washington Supreme Court with respect to these five unexhausted claims. (Ct. Rec. 23, pp. 79-81).

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

Petitioner claims that because he is a pro se prisoner housed in Rhode Island, his failure to exhaust state remedies and procedural default should be excused. (Ct. Rec. 24, pp. 1-2; 4-6.) As stated in the Report and Recommendation, the requirement of raising all federal issues in state court is not excused for pro se habeas petitioners. *Rose v. Lundy*, 455 U.S. 509, 520 (1982); Ct. Rec. 24, p. 55.

Petitioner's first, third, fourth, fifth and sixth grounds for habeas relief have not been properly exhausted for federal habeas corpus purposes, as he now admits. Ct. Rec. 23, pp. 61-79; Ct. Rec. 24, pp. 6, 8-9. Because more than one year has passed since Petitioner's conviction became final and Petitioner has failed to make a showing of cause and prejudice or a colorable showing of actual innocence, these claims are procedurally barred under Washington law. Ct. Rec. 22, pp. 79-83; *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Noltie v. Peterson*, 9 F. 3d 802, 804-05 (9th Cir. 1993). Since Petitioner's claims 1,3,4,5, and 6 are not cognizable in this habeas proceeding, the merits of these claims were appropriately not addressed in the report and recommendation. The Court adopts the findings of the Magistrate Judge that claims 1,3,4,5, and 6 are unexhausted.

As stated in the report, as long as the state procedural bar is an adequate and independent state rule, then petitioner's unexhausted claims are barred in federal court absent a showing of cause and prejudice or a fundamental miscarriage of justice. See *Coleman v. Thompson*, 501 U.S. at 749-50. Ct. Rec. 24, p. 81. An independent and adequate state rule must be one that is firmly established and was regularly and consistently followed by the state

courts at the time that the claim should have been raised. See *Calderon v. U.S. Dist. Court (Hayes)*, 103 F. 3d 72, 75 (9th Cir. 1996), *cert. denied*, 521 U.S. 1129 (1997). Cause may be demonstrated by showing that "some objective factor external to the defense" prevented petitioner from complying with state procedural rules relating to presentation of his or her claims. See, e.g., *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (abuse of writ context). Once petitioner has demonstrated cause, he or she must show actual prejudice resulting from the failure to comply. See *id.* at 494. Ct. Rec. 24, p. 81. A fundamental miscarriage of justice exists in the "extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime." *Id.* Absent a showing of cause and prejudice or a fundamental miscarriage of justice, Petitioner's unexhausted habeas claims are not cognizable. Ct. Rec. 24, p. 81.

Petitioner does not attempt to prove cause and prejudice, or to make a colorable showing of actual innocence sufficient to excuse his default. Ct. Rec. 24, p. 82.

The Court adopts the Magistrate Judge's recommendation denying federal habeas corpus review of Petitioner's unexhausted claims because they are barred by procedural default.

II. <u>Merits</u>

As the Magistrate Judge's report indicates, one of Petitioner's claims is properly exhausted, claim two. Ct. Rec. 24, p. 73. This claim alleged that Petitioner's right to a fair and impartial jury was violated by the trial court's failure to hold an evidentiary hearing regarding the alleged misconduct of Juror B. In his objection to the report Petitioner adds the new argument that he was

ORDER ADOPTING REPORT AND RECOMMENDATION - 3

not present when his attorney told the court the defense waived an evidentiary hearing and wished to leave the juror seated. Ct. Rec. 24, pp. 15-16.

The record does not support this argument. The state court of appeals stated:

> "Critically, Mr. DiBartolo does not contend that he and Ms. Moreno disagreed during trial on the decision to oppose any removal of jurors. And the strategy was tactically sound."

Ex. 15; Ct. Rec. 23, p. 67. As indicated in the report, the record reveals the trial judge excused defense counsel to discuss with Mr. DiBartolo the prosecutor's motion to remove one or both jurors. After the recess the judge asked counsel if she had discussed it with Mr. DiBartolo. Defense counsel told the court she did. The court heard the arguments of both counsel. Defense counsel opposed the prosecutor's motion to remove any of the jurors. Ct. Rec. 23, pp. 59-60.

Petitioner's assertion that he disagreed with his attorney's request that the jury remain intact was not raised at trial, on direct appeal, on collateral review, or in his habeas petition. The record does not support his claim.

Petitioner also argues that jury tampering cases apply to the alleged juror misconduct in this case. He argues that the court must examine whether Juror B's bias interfered with the jury's deliberations by distracting one or more of the jurors and further consider whether the jury was "substantially swayed" by the alleged misconduct. Ct. Rec. 24, p. 16. Petitioner then argues that the "standard that must be applied by the appellant [sic] court must derive from jury misconduct cases that involve allegations of jury

ORDER ADOPTING REPORT AND RECOMMENDATION - 4

tampering." *Id.* As stated by the court of appeals, Juror F's disclosures did not allege jury tampering. *United States v. Dutkel*, 192 F. 3d 893 (9th Cir. 1999), cited by Petitioner, is inapposite. *Dutkel* and other cases cited by Petitioner involve contact with jurors by persons outside the jury panel. Petitioner cites no case where differences between jurors on a properly impannelled jury is jury tampering. It is unrealistic to believe that tensions between jurors would not exist. That tensions exist, however, does not constitute jury tampering or misconduct unless it impairs the ability of the jury to discharge its sworn duty. The court of appeals found that the jury's ability was not impaired as evidenced by their ability to reach a verdict and affirmed when polled that it was each juror's individual's verdict. Ct. Rec. 23, p. 70.

Moreover,

". . . given that it was the State's motion to excuse jurors, the court first gave Ms. Moreno and Mr. DiBartolo the opportunity to confer on the matter. They did so and elected to oppose the motion. In these circumstances, we consider analysis of Mr. DiBartolo's claim to be dispositive."

Ct. Rec. 23, pp. 83-84. As noted in the Magistrate Judge's report, the state court of appeals found that this choice is a legitimate trial tactic. Defense counsel's concluding comments to the court clearly indicate the defense desire to leave the possibly fragmented jury in place in hopes of a hung jury. Such legitimate trial strategy is afforded great deference and cannot form the basis for claimed ineffective assistance. See *State v. McFarland*, 127 Wn. 2d 322, 336, 899 P. 1251 (1995). Ct Rec. 23, pp. 86-88.

Petitioner again cites *Government of Virgin Islands v. Weatherwax*, 20 F. 3d 572, 579-80 (3rd Cir. 1994), where the court stated that when counsel's decisions were strategic or tactical in

ORDER ADOPTING REPORT AND RECOMMENDATION - 5

nature, "[o]nly when behavior revealed ineptitude, inexperience, lack of preparation or unfamiliarity with basic legal principles did [these] actions amount to ineffective assistance of counsel." *Weatherwax*, 20 F. 3d at 579 (internal citation omitted). Contrary to the situation in *Weatherwax*, the record here reveals that counsel made a deliberate strategic decision, one characterized by the court of appeals as "strategically sound." Ct. Rec. 23, p. 67.

Petitioner's additional objections repeat the arguments raised in the Habeas Petition and addressed in the report.

The Court adopts the Magistrate Judge's finding that the exhausted federal claim is without merit. Petitioner's second federal habeas claim is denied on the merits.

## CONCLUSION

Petitioner has failed to make a showing that his conviction was so fundamentally unfair as to deny him due process. The state court decisions are not contrary to, nor involve, unreasonable applications of clearly established federal law. Additionally, the state court adjudications did not result in decisions that were based upon unreasonable determinations of the facts in light of the evidence. Consequently, the writ of habeas corpus cannot be granted on Petitioner's claim. Accordingly,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation to dismiss Petitioner's Petition for Writ of Habeas Corpus is **ADOPTED** in its entirety. Petitioner's Petition for Writ of Habeas Corpus is **DENIED** and **DISMISSED with prejudice**. The parties shall bear their own costs.

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order, prepare and enter judgment accordingly, forward

ORDER ADOPTING REPORT AND RECOMMENDATION - 6

1  ////
2  ////
3  ////
4  copies to the Petitioner and counsel, and close the file.
5      **DATED** this ___4___ day of ~~March~~ May, 2004.

*[signature]*
ROBERT H. WHALEY
UNITED STATES DISTRICT JUDGE

ORDER ADOPTING REPORT AND RECOMMENDATION - 7