UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THOMAS A. DIBARTOLO,<br><br>              Petitioner,<br><br>  vs.<br><br>ELDON VAIL and ASHBEL T. WALL,<br><br>              Respondent. | NO.  CV-03-094-EFS<br><br>ORDER DENYING EMERGENCY PETITION FOR EXTRAORDINARY RELIEF |

BEFORE THE COURT is Petitioner's Emergency Petition for Extraordinary Relief. (Ct. Rec. 34). Petitioner is a Washington State prisoner currently housed within the Rhode Island Department of Corrections in Cranston, Rhode Island. By Order filed May 4, 2004, the Honorable Robert H. Whaley, District Court Judge, dismissed Mr. DiBartolo's federal habeas petition pursuant to 28 U.S.C. § 2254 (Ct. Rec. 25). The Ninth Circuit Court of Appeals affirmed that decision by Mandate filed December 27, 2004 (Ct. Rec. 32).

Mr. DiBartolo now seeks to compel discovery of evidence regarding his 1997 criminal conviction in order to file a future petition. In his 99-page petition, Mr. DiBartolo seeks access to any and all evidence comprising the Spokane County Prosecuting Attorney's case-in-chief, particularly photographic, video and audio materials, as well as all

ORDER DENYING EMERGENCY PETITION FOR EXTRAORDINARY RELIEF -- 1

defense materials.[1]  He also asks this court to declare a state court rule unconstitutional.

Petitioner fails to specify what additional evidence he could develop, why that evidence "could not have been previously discovered through the exercise of due diligence," or how the additional evidence he wishes to develop would have likely affected the outcome of his trial. *See* 28 U.S.C. § 2254(e)(2)(A)(ii); *Williams v. Taylor,* 529 U.S. 420, 432, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000).  "Habeas is an important safeguard whose goal is to correct real and obvious wrongs. It was never meant to be a fishing expedition for habeas petitioners to explore their case in search of its existence." *Rich v. Calderon*, 187 F.3d 1064, 1067 (9th Cir. 1999) (*citing Calderon v. U.S.D.C. (Nicolaus)*, 98 F.3d 1102, 1106 (9th Cir. 1996)).  As Mr. DiBartolo is not entitled to pre-petition discovery in search of evidence that may or may not support his claims, **IT IS ORDERED** the Petition (Ct. Rec. 34) is **DENIED**.

---

[1] Petitioner asserts he wishes to raise a post conviction argument of improper, inaccurate and manipulated photographic evidence that allegedly violated the "cannons of evidence law" [42]. He also wishes to challenge the prosecution's recreation and demonstration of the crime through the services of a particular Forensic Animation/Recreation Specialist who was unavailable at the time of trial[45]. He plans to assert malicious prosecution and prosecutorial misconduct in the willful presentation of false scientific evidence [47].

ORDER DENYING EMERGENCY PETITION FOR EXTRAORDINARY RELIEF -- 2

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward a copy to Petitioner and close the file.

**DATED** this       23rd         day of October 2009.


                           S/ Edward F. Shea
                          EDWARD F. SHEA
                   UNITED STATES DISTRICT JUDGE

Q:\Civil\2003\3cv094efs-10-20-denypet.wpd

ORDER DENYING EMERGENCY PETITION FOR EXTRAORDINARY RELIEF -- 3